IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE MICHAEL MITCHELL,<br><br>              Plaintiff,<br><br>    vs.<br><br>GOLDEN VALLEY MEDICAL CENTER, et al.,<br><br>              Defendant. | No. CV-F-06-1742 OWW/DLB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Docs. 3 & 10), VACATING ORDER TO SHOW CAUSE FOR LACK OF PROSECUTION AS MOOT (Docs. 12 & 13), DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR DEFENDANTS |

    Plaintiff Claude Michael Mitchell, proceeding *in pro per*, filed a Complaint in the Merced County Superior Court on April 11, 2006. Defendants are Golden Valley Medical Center and Dr. Melhem Dandan. The Complaint is for personal injury based on medical malpractice, causing physical suffering and severe nerve damage. The Complaint alleges that Plaintiff is required to comply with a claims statute and has so complied.

    On December 1, 2006, the United States removed the action to

this court "pursuant to 28 U.S.C. §§ 1442(a) and 2679(d), by operation of the Federally Supported Health Centers Assistance Act of 1992 (FFHCAA), as amended (42 U.S.C. § 233), for all acts or omissions that occurred after June 23, 1996, the date that the U.S. Department of Health and Human Services deemed that the defendant health clinic was deemed covered by 42 U.S.C. § 233." Attached to the Notice of Removal is the Declaration of David T. Shelledy, Assistant U.S. Attorney and Chief, Defensive Civil Litigation, of the United States Attorney's Office for the Eastern District of California, who avers in pertinent part:

> 2. On the basis of the information now available with respect to the incidents referred to in the complaint, attachments, and amendments thereto, the ... Federal Defendants are entitled to the official immunity of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, esp. § 2679, pursuant to the provisions of the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233. These Federal Defendants are deemed eligible by operation of law for the official immunity of employees of the United States acting within the scope of their employment, at the time of the alleged incidents giving rise to the complaint.
>
> This certification, by operation of the civil statutes, effects the substitution of the United States as the proper party defendant in lieu of the Federal Defendants, who should be dismissed pursuant to their official immunity.

The United States moves to dismiss this action or for summary judgment for lack of subject matter jurisdiction.

This motion initially was noticed for hearing on March 19, 2007. Plaintiff did not file a written opposition pursuant to

2

1  Rule 78-230(c), Local Rules of Practice and did not appear at the
2  hearing.  The United States withdrew the motion at the March 19,
3  2007 hearing because of a concern that the address on file for
4  Plaintiff was incorrect and that Plaintiff might not have been
5  properly served with the motion.  After ascertaining that
6  Plaintiff's address was correct, the United States refiled the
7  motion on March 19, 2007, noticing the motion for hearing on
8  April 23, 2007.  Plaintiff has not filed a written opposition to
9  the motion.  Plaintiff did not appear at the scheduling
10 conference on April 5, 2007.  On April 11 and 13, 2007, an Order
11 to Plaintiff to show cause on April 23, 2007 why this action
12 should not be dismissed for failure to prosecution was filed.
13 AUSA Kapetan avers that she received a fax on April 11, 2007 from
14 the Department of Health and Human Services, Office of the
15 General Counsel, attaching documents purportedly from Plaintiff.
16 Attached is a document filed on April 7, 2007 in the Merced
17 County Superior Court entitled "Motion for Objections to Vacate
18 Judgment".  Although filed in the Merced County Superior Court,
19 the pleading sets forth as the case number: "CASE NO. CIV-F-06-
20 1742 OWW/NEW".  In this pleading, Plaintiff asserts:

> I would like to explain to the courts my
> reasons for not replying in regards to the
> respondents Motions to dismiss.  The
> respondent or respondents have failed to
> answer numerous attempts to keep this Motion
> moving forward by replying to the Plaintiff
> and making an attempt to regard the
> Plaintiffs Motions were as the defendant has
> been cited by the Settlement Conference Case
> Management Courts for not complying with the
> Courts rules to attempt to compromise with

3

>                the other party so that It may be possible to
>                move the case In question In a forward motion
>                in which the settlement conference file
>                notes, stating if defendants misses one more
>                Settlement Conference both telephonic or by
>                their personal appearance the defendants have
>                caused the Plaintiff to lose out on his
>                rights to see a personal physician and his
>                rights to obtain any documents required for
>                the Plaintiff to move this case in a forward
>                motion none of these documents or document
>                file numbers were given which made my attempt
>                to communicate with the torts commission all
>                together when finally I did get in touch with
>                the torts commission they ignored my Motions
>                for information needed to continue my case
>                with needed documents and document numbers
>                causing the Plaintiff to still lose on his
>                rights to see a private physician but
>                continued to speak of early settlement
>                Plaintiffs have refused to go along with any
>                of the courts orders which caused the
>                Plaintiff to file a Motion for Default and
>                Default Judgment which was denied for reasons
>                unknown so now I ask the courts to reconsider
>                that filed motion and grant my appeal so that
>                I may continue to fight my motion for
>                negligence of Ivan Dr. Melhan Dandan and
>                Golden Valley Medical Center my condition at
>                this time seems to be getting worse.

Plaintiff did not appear at the hearing on April 23, 2007.

"In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.  In such circumstances, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the district court from evaluating for itself the merits of the jurisdictional claims.  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)

4

1    42 U.S.C. § 233(g) provides that the Secretary of Health and
2 Human Services may deem an entity and an employee of an entity to
3 be an employee of the U.S. Public Health Service.  Once such
4 determination is made, "the determination shall be final and
5 binding upon the Secretary and the Attorney General and other
6 parties to any civil action or proceeding."  42 U.S.C. §
7 233(g)(1)(F).  Pursuant to Section 233(g)(1)(A), the remedy
8 against such a deemed entity and employee of such entity "shall
9 be exclusive of any other civil action or proceeding to the same
10 extent as the remedy against the United States is exclusive
11 pursuant to subsection (a) of this section."  Section 233(a)
12 provides:

> The remedy against the United States provided by section 1346(b) and 2672 of Title 28 ... for damage for personal injury ... resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by an commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee ... whose act or omission gave rise to the claim.

20 28 U.S.C. § 1346(b)(1) provides for exclusive jurisdiction in the
21 district courts "of civil actions on claims against the United
22 States ... for money damages ... for ... personal injury ...
23 caused by the negligent or wrongful act or omission of any
24 employee of the Government while acting within the scope of his
25 office or employment, under circumstances where the United
26 States, if a private person, would be liable to the claimant in

5

accordance with the law of the place where the act or omission occurred." In enacting Section 233(g), Congress protected deemed officers and employees of the Public Health Service from personal liability for the negligent or wrongful act or omission while acting within the scope of their employment by providing that the United States may assume such liability pursuant to 28 U.S.C. § 2672 of the Federal Tort Claims Act (FTCA). *See El Rio Santa Cruz Neigh. v. U.S. Dept. of Health and Human Services*, 396 F.3d 1265, 1267 (D.C.Cir.2005). The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint against the United States. Courts lack subject matter jurisdiction and must dismiss an FTCA action which is instituted before the administrative remedies are exhausted. *McNeil v. United States*, 508 U.S. 106 (1993). Because this requirement is jurisdictional, it cannot be waived. *Celestine v. Mount Vernon Health Center*, 403 F.3d 76, 82 (2nd Cir.2005). This requirement extends to all suits, including those begun in state court. *Id.* 28 U.S.C. § 2675 provides:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Here, although the Complaint alleges that Plaintiff has exhausted all applicable administrative remedies, the United

6

States submits the Declaration of Beverly R. Dart, Attorney in Charge in the Claims and Employment Law Branch, General Law Division, Office of the General Counsel, United States Department of Health and Human Services. Ms. Dart avers in pertinent part:

> 1. ... I am familiar with administrative claims filed against the agency pursuant to the ... FTCA ..., including claims presented pursuant to the FTCA involving allegations against community health centers which have been deemed employees of the federal government under the Federally Supported Health Centers Assistance Act, 42 U.S.C § 233(g)-(n).
>
> 2. I am also familiar with the official records of administrative tort claims maintained by the Department, as well as the system by which those records are maintained.
>
> 3. The Claims and Employment Law Branch has a Claims Office that maintains in a computerized database a record of all administrative tort claims filed with the Department.
>
> 4. As a consequence, if a tort claim has been filed with the Department with respect to an administrative claim by Claude M. Mitchell, a record of that filing would be maintained in the Claims Office's database.
>
> 5. I caused a search of the Claims Office database to be conducted and found a single record of an administrative claim filed by Claude M. Mitchell, which was presented to the agency on June 5, 2006 ... To the best of my knowledge, no other claims have bene presented to the agency by Claude M. Mitchell.

Plaintiff cannot amend his complaint to allege compliance with the FTCA if and when the tort claim is denied. *Sparrow v. U.S. Postal Service*, 825 F.Supp. 252, 255 (E.D.Cal.1993). Here, Plaintiff filed the Complaint on April 11, 2006.

Consequently, there is no subject matter jurisdiction over this action.

In apparent response to the Court's Order to Show Cause issued for Plaintiff's failure to respond in the case, on April 4, 2007, Plaintiff filed a number of documents in the Superior Court of California, County of Merced, listing the federal case number. These papers are unavailing.

### CONCLUSION

For the reasons set forth above,

1. The orders to show cause are vacated as moot.

2. The United States' motion to dismiss or for summary judgment is GRANTED.

3. The action is DISMISSED for lack of subject matter jurisdiction.

4. The Clerk of the Court is directed to enter JUDGMENT FOR DEFENDANTS.

IT IS SO ORDERED.

**Dated:   April 23, 2007**                    /s/ Oliver W. Wanger
                                                                      UNITED STATES DISTRICT JUDGE